UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
DARRELL PICOTT,                     :
                                    :
         Plaintiff,                 :   Civ. No. 16-4315 (NLH)
                                    :
    v.                              :   OPINION
                                    :
KEITH MCCRAY,                       :
                                    :
         Defendant.                 :
_____:

APPEARANCES:
Darrell Picott
441622
3-West Industrial Blvd.
Bridgeton, NJ 08302
    Plaintiff Pro se

HILLMAN, District Judge

Plaintiff Darrell Picott ("Plaintiff"), a prisoner at a halfway house in Bridgeton, New Jersey, seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Based on his affidavit of indigence (ECF No. 1-1), the Court previously granted him leave to proceed in forma pauperis and ordered the Clerk of the Court to file the Complaint. (ECF No. 2.)

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it

seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice.

## I. BACKGROUND

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendant Keith McCray. The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

On October 19, 2015, Defendant McCray, who appears to be an employee at Talbot Hall, a halfway house, required Plaintiff to "drop his pants and underwear lift up his shirt trun [sic] around with his butt facing McCray and urine [sic] in the cup." (Compl. ¶ 6.) Plaintiff is seeking $500,000 in damages. (Id. at ¶ 7.)

## II. DISCUSSION

### A. Legal Standard

### 1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim

with respect to prison conditions, see 42 U.S.C. § 1997e.  The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in Ashcroft v. Iqbal, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To survive sua sponte screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  Fowler v. UPMS Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)); Mitchell v. Beard, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Belmont v. MB Inv. Partners, Inc., 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting Iqbal, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**2.  Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

The exact allegations made by Plaintiff against Defendant McCray were also made by another inmate from Talbot Hall, Kyle Taylor. See Taylor v. McCray, No. 16-4513, 2017 WL 1528680 (D.N.J. Apr. 26, 2017). Mr. Taylor's case was assigned to the Honorable Jerome B. Simandle, U.S.D.J. and he found as follows:

> Plaintiff has not sufficiently alleged a Fourth Amendment violation for an improper strip search. Under the Fourth Amendment, inmates have a limited right of bodily privacy "subject to reasonable intrusions necessitated by the prison setting." Parkell v. Danberg, 833 F.3d 313, 325 (3d Cir. 2016). This right is very narrow, however. Id. at 326.
>
> "The test of reasonableness under the Fourth Amendment ... requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." Bell v. Wolfish, 441 U.S. 520, 559 (1979). A prisoner search policy is constitutional if it strikes a reasonable balance between the inmate's privacy and the needs of the institution. Parkell, 833 F.3d at 326 (citing Florence v. Bd. of Chosen Freeholders of Cty. of Burlington, 132 S. Ct. 1510, 1515, 1517 (2012)).
>
> Plaintiff's cursory allegations that the strip search was illegal is insufficient to state a claim for relief. In the absence of further facts regarding the circumstances of the search, such as whether this urine test was random, conducted in the view of other persons, or if Talbot Hall has policies regarding conducting urine tests, the claim

5

> cannot proceed at this time. Plaintiff may address these deficiencies in an amended complaint, however.
>
> Plaintiff further alleges the search constituted sexual harassment. "While it is possible for sexual abuse of a prisoner to violate the Eighth Amendment, a small number of incidents in which a prisoner is verbally harassed, touched, and pressed against without his consent do not amount to such a violation." Obiegbu v. Werlinger, 581 F. App'x 119, 121 (3d Cir. 2014) (internal citation omitted). "Rather, 'isolated episodes of harassment and touching ... are despicable and, if true, they may potentially be the basis of state tort actions. But they do not involve a harm of federal constitutional proportions as defined by the Supreme Court.'" Id. (quoting Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997)) (omission in original).
>
> Plaintiff only alleges one instance of alleged harassment. He has therefore not sufficiently pled a federal constitutional violation. To the extent he alleges a state law claim, the Court declines to exercise supplemental jurisdiction as the federal constitutional claims are being dismissed. 28 U.S.C. § 1367(c)(3).

Taylor v. McCray, No. 16-CV-4513, 2017 WL 1528680, at *2 (D.N.J. Apr. 26, 2017).

This Court sees no basis to depart from the thorough and well-reasoned decision by the Honorable Jerome B. Simandle when he addressed identical factual allegations to those that are raised here.  Therefore, for the reasons stated by the court in Taylor v. McCray, this Court will dismiss the Complaint in its

entirety without prejudice.  2017 WL 1528680, at *2.

**III. CONCLUSION**

As discussed above, the Complaint will be dismissed without prejudice in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted.  Because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[2]  An appropriate Order follows.

Dated: July 21, 2017            s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

---

[2] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013)(collecting cases); see also 6 CHARLES ALAN WRIGHT ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008).  To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Id.